2005 ND 205

**Andrea Marie OIEN, n/k/a Andrea Marie Huso, Plaintiff and Appellant**

v.

**Reed Lee OIEN, Defendant and Appellee.**

**No. 20050204.**

Supreme Court of North Dakota.

Nov. 29, 2005.

Mark S. Douglas (argued), Child Support Enforcement Unit, Jamestown, ND, for plaintiff and appellant.

Reed Lee Oien (no appearance), defendant and appellee.

KAPSNER, Justice.

[¶ 1]  Andrea (Oien) Huso through the South Central Child Support Enforcement Unit ("Unit") appealed from a district court order denying a motion to modify judgment to increase child support payments.  We conclude the district court misapplied the law in denying Huso's request for a hearing on her motion to modify judgment.  We reverse and remand for further proceedings.

I.

[¶ 2]  Reed Oien, Huso's former husband, was required to pay $656.00 a month for the support of his three minor children following the couple's divorce.  Oien was later diagnosed with congestive heart failure and ordered not to work by his doctor. On February 28, 2002, Oien filed a motion to amend judgment to vacate his child support obligation because he was disabled and had no income.  By an amended judgment entered May 8, 2002, Oien was relieved from making any further child support payments.  The amended judgment states: "Defendant has not yet become eligible for Social Security Disability Income, nor does he have any other sources of income at this time."  He subsequently applied for and received disability benefits.

[¶ 3]  Huso requested the Unit to review Oien's child support obligation under N.D.C.C. § 14–09–08.4. The Unit conducted a review of the prior child support order and concluded Oien's obligation was less than the amount required by the

guidelines. On March 10, 2005, Huso filed a motion to modify judgment requesting the district court review the child support calculation. Filed with the motion was an affidavit of Daniel Jeske, a child support administrator, stating, without supporting documentation, Oien's monthly income was now approximately $761.00, and based on this income level, Oien should be required to pay $232.00 per month. According to the affidavit, only $117.00 per month was being met by a social security benefit, thus Oien was deficient $115.00 per month.

[¶ 4] The same day the motion was filed, an e-mail was sent to Brenda Richards, Judge Simonson's court reporter, requesting that a hearing be scheduled for Huso's motion to modify child support. A printed copy of the e-mail was returned to the Unit with a handwritten notation signed by Judge Simonson stating: "Mr. Oien has been rel[ie]ved of his duty to provide child support and health insurance due to his disability. Unless he is no longer disabled, I do not plan to have a hearing." Counsel for the Unit wrote to Judge Simonson on April 13, 2005, asking him to set the case for a hearing, asserting the obligation to conduct a hearing under N.D.C.C. §§ 14-09-08.9 and 14-09-08.4. Alternatively, and in order to obtain an appealable order, counsel submitted a proposed order which was "taken from your handwritten notation dated March 11, 2005." The e-mail with Judge Simonson's response and the letter are included in appellant's appendix but do not appear on the clerk's Register of Actions.

[¶ 5] An affidavit by Huso in support of her motion to modify judgment was referred to in counsel's letter to Judge Simonson. The affidavit bears the clerk's stamp dated April 20, 2005. The affidavit, while not appearing in the record until after the order was entered, challenges Oien's disability claim. Huso claims she has witnessed Oien "engaging in physical labor or hunting" on numerous occasions. She also states that she knows Oien has been working to supplement his income.

[¶ 6] On April 15, 2005, Judge Simonson signed the order, denying Huso's request to increase her child support. The order stated: "The Defendant Reed Lee Oien has been previously relieved of his duty to provide child support and health insurance due to his disability." It is from the April 15, 2005, order denying Huso's motion to modify judgment based on Oien's disability that Huso appeals.

## II.

[¶ 7] Under N.D.C.C. § 14-09-08.4(3), the Unit is authorized to seek modification of a prior child support order if the amount ordered is inconsistent with the guidelines. If the prior order was entered at least one year before the motion to modify, the trial court must apply the guidelines and order support in the presumptively correct amount, unless the presumption is rebutted. N.D.C.C. § 14-09-08.4(4); Nelson v. Nelson, 547 N.W.2d 741, 744 (N.D.1996). An obligor's ability to pay child support is not determined solely upon actual income, but also takes into account the obligor's earning capacity. Nelson, 547 N.W.2d at 744–45. "The guidelines recognize that parents have a duty to support their children to the best of their abilities, not simply to their inclinations." Otterson v. Otterson, 1997 ND 232, ¶ 10, 571 N.W.2d 648.

[¶ 8] Child support determinations involve varying standards of review depending on the issue appealed. In the Interest of D.L.M., 2004 ND 38, ¶ 6, 675 N.W.2d 187. This Court applies a de novo standard of review for questions of law, a clearly erroneous standard of review for questions of fact, and an abuse-of-discretion standard of review for discretionary

matters. *McDowell v. McDowell*, 2003 ND 174, ¶ 27, 670 N.W.2d 876. A party seeking amendment under N.D.C.C. § 14–09–08.4 has the burden of proving the existing level of support does not conform to the guidelines. *Henry v. Henry*, 2000 ND 10, ¶ 7, 604 N.W.2d 234.

[¶ 9] In this case, Huso presented the district court with an affidavit of Daniel Jeske that Oien was receiving disability income which would require him to pay child support. Instead of considering the motion, the district court denied Huso's request for a hearing and made a decision that Oien's disability precludes him from paying child support. This misapplies the law. Under the child support guidelines, disability does not necessarily excuse a parent from the obligation to pay child support. *See* N.D. Admin. Code § 75–02–04.1–07(4)(b). We have noted the burden of proof is "on the obligor to show the disability is sufficient in severity to reasonably preclude employment." *Bernhardt v. Bernhardt*, 1997 ND 80, ¶ 9, 561 N.W.2d 656. The presence of a disability is a discretionary consideration that the court can take into account when determining the amount of support. N.D. Admin. Code § 75–02–04.1–07(4)(b). The guidelines provide that gross income "may be imputed in an amount less" if there is a showing of "disability sufficient in severity to reasonably preclude the obligor from gainful employment." *Id.*

[¶ 10] We recognize that Huso's affidavit questioning the extent of Oien's disability did not appear in the record until after the district court issued its order denying Huso's motion. Judge Simonson makes no reference to Huso's affidavit in his order. Huso's counsel explains this incident by stating at oral argument the affidavit was sent directly to Judge Simonson's chambers along with a letter and that this should be considered the equivalent of filing because the judge is a public official. But filing letters with a district court judge is not the equivalent of filing with the clerk of court. Our rules require "[a] party seeking to file a pleading or other document must submit it to the clerk." N.D.R.Ct. 3.1(e). The explanatory notes specifically address this very problem by stating "[s]ubmitting a document to a judge or to court personnel other than the clerk does not constitute filing." *See* N.D.R.Ct. 3.1(e), Explanatory Notes.

[¶ 11] Rule 30(a), N.D.R.App.P., states: "Only items in the record may be included in the appendix." This Court has warned that "[i]nappropriate attempts to supplement the evidentiary record at the appellate level cannot be condoned." *Van Dyke v. Van Dyke*, 538 N.W.2d 197, 203 (N.D.1995). Items not in the record, and not subject to a motion to supplement the record under N.D.R.App.P. 10(h), but placed in the appendix and brought before this Court are not considered. This Court may subject the party putting them in the appendix to sanctions. *See, e.g., Hurt v. Freeland*, 1997 ND 194, ¶ 13, 569 N.W.2d 266; *Lake Region Credit Union v. Crystal Pure Water, Inc.*, 502 N.W.2d 524, 528 (N.D.1993); *Bye v. Federal Land Bank Ass'n of Grand Forks*, 422 N.W.2d 397, 399 (N.D.1988); *In re Estate of Raketti*, 340 N.W.2d 894, 898 (N.D.1983). Furthermore, we will not consider evidence presented for the first time on appeal, because an "appeal is to be determined upon the record below." *Schmidt v. Schmidt*, 2003 ND 55, ¶ 22, 660 N.W.2d 196. Disregarding, as we must, the information in the improperly filed appendix items, there is sufficient information in the record to determine the district court misapplied the law when it denied, without a hearing, Huso's motion, supported by Jeske's affidavit, to modify child support. We can infer solely from the district court's April

15, 2005, order that the court incorrectly concluded disability was an automatic barrier to paying child support.

## III.

[¶ 12]   The district court misapplied the guidelines by determining disability automatically precludes a child support obligation without a hearing.   We reverse the order denying Huso's motion to modify judgment and remand for further proceedings consistent with this opinion.   In view of the improperly included appendix items, we award no costs to the appellant.

[¶ 13]   GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.