2006 ND 31

Andrew M. BERTSCH, Plaintiff, Appellant and Cross–Appellee

v.

Lynell C. BERTSCH, Defendant, Appellee and Cross–Appellant.

No. 20050183.

Supreme Court of North Dakota.

Feb. 2, 2006.

H. Malcolm Pippin, Nilles, Ilvedson, Stroup, Plambeck & Selbo, Ltd., Williston, N.D., for plaintiff, appellant and cross-appellee.

Robert S. Rau, Bosard, McCutcheon & Rau, Ltd., Minot, N.D., for defendant, appellee and cross-appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Andrew M. Bertsch ("Bertsch") appealed and Lynell C. Bertsch, now known as Lynell Maynor ("Maynor"), cross-appealed from an amended divorce judgment modifying visitation and child support. We affirm the district court's amended judgment, including the visitation and child support award, but reverse and remand for a reconsideration of Maynor's request for attorney's fees and for consideration of the calculation of the child support arrearage.

## I

[¶ 2] Bertsch and Maynor were married in April 1996, and had one child in 1997. Bertsch and Maynor were divorced in August 2001. The divorce decree awarded Maynor custody of the parties' child, ordered Bertsch to pay child support, and awarded Bertsch reasonable visitation. Maynor later remarried. In March 2004, she filed a motion to change her residence to Maryland and to modify visitation and child support. After a hearing, the district court entered an amended judgment in December 2004, granting Maynor's motion to relocate to Maryland, denying Bertsch's motion for change of custody, and modifying Bertsch's visitation and child support obligation.

[¶ 3] Thereafter, in late 2004 and early 2005, both Bertsch and Maynor filed numerous motions for reconsideration, attorney's fees, modification of child support, clarification of visitation, and contempt. The district court issued orders on February 25, 2005, and on May 16, 2005, addressing the parties' various post-judgment motions. In May 2005, Bertsch appealed and Maynor cross-appealed from the February and May 2005 orders. We granted a limited remand under N.D.R.App.P. 35 for entry of a final amended judgment. On remand, the district court entered an amended judgment in August 2005, which again modified visitation and child support. Both parties filed amended notices of appeal from the August 2005 amended judgment.

## II

[¶ 4] Initially, Maynor asserts in her cross-appeal that Bertsch waived his right to appeal by merely registering the initial 2001 judgment and the February 2005 order in Maryland. Maynor also claims both parties and the child have relocated to Maryland before filing their notices of appeal in these proceedings. It is undisputed, however, that both parties and the child were residing in this State when the present child custody proceeding was commenced in March 2004. *See* Unif. Child Custody Jurisdiction & Enforcement Act § 202 cmt. (1997) (explaining jurisdiction attaches at the commencement of a modification proceeding and would not be lost by all parties moving out of the state prior to the conclusion of proceeding), from which N.D.C.C. § 14–14.1–13 is derived. Despite the blizzard of pleadings and motions, including motions for reconsideration of visitation and child support, which followed the district court's December 2004 determination, the final amended judgment in this proceeding was ultimately entered in August 2005, from which *both* parties now appeal. *See Weigel v. Weigel,* 2000 ND 16, ¶ 16, 604 N.W.2d 462 (stating, "An amended interim order is not a final judgment and, therefore, is subject to revision at any time before entry of final judgment."). We have jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28–27–01, 28–27–02, over the amended appeal and cross-appeal to review the district court's final amended judgment. We conclude Bertsch has not waived his right to appeal.

## III

[¶ 5] Bertsch argues the district court erred in modifying Bertsch's visitation schedule. A district court's decision on visitation is a finding of fact reviewed under the clearly erroneous standard of review. *Wigginton v. Wigginton,* 2005 ND 31, ¶ 8, 692 N.W.2d 108; *Berg v. Berg,* 2002 ND 69, ¶ 4, 642 N.W.2d 899. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the entire record, we are left with a definite and firm conviction a mistake has been made. *Wigginton,* at ¶ 8. In

awarding visitation to the non-custodial parent, the best interests of the child, rather than the wishes or desires of the parents, are paramount. *See id.* at ¶ 9. Bertsch is dissatisfied with the district court's modification of visitation, specifically the elimination of Tuesday overnight visitation, despite the district court's reinstating Sunday overnight visitation every other weekend and expanding Bertsch's summer visitation by two entire weeks. Based upon the evidence in the record in this case, we are not left with a definite and firm conviction a mistake was made in deciding visitation. We hold the district court's determination of visitation is not clearly erroneous.

[¶ 6] Bertsch argues that the district court erred by failing to address certain child support issues. Maynor also argues the court erred by not selecting an earlier date to increase Bertsch's child support obligation. Under N.D.C.C. § 14–09–08.4, the party seeking an amendment of a child support determination has the burden of proving the existing level of support does not conform to the guidelines. *Oien v. Oien,* 2005 ND 205, ¶ 8, 706 N.W.2d 81; *Henry v. Henry,* 2000 ND 10, ¶ 7, 604 N.W.2d 234. Child support determinations involve varying standards of review depending on the issue appealed. *Oien,* at ¶ 8. We apply a de novo standard of review for questions of law, a clearly erroneous standard of review for questions of fact, and an abuse of discretion standard of review for discretionary matters. *Id.*

[¶ 7] Modification of child support generally should be made effective from the date of the motion to modify; however, a court retains discretion to set some other effective date, but its reasons must be apparent or explained. *McDowell v. McDowell,* 2003 ND 174, ¶ 28, 670 N.W.2d 876; *Geinert v. Geinert,* 2002 ND 135, ¶ 10, 649 N.W.2d 237. A district court's decision setting an effective date for a modified child support obligation is subject to review under the abuse of discretion standard. *Geinert* at ¶ 11. In its August 2005 amended judgment, the district court modified Bertsch's child support obligation to $926 per month, commencing March 1, 2004. Based upon our review of the evidence in this record, we are not convinced that the district court's findings regarding child support are clearly erroneous, and we conclude the court did not abuse its discretion in setting the effective date for child support as March 1, 2004. We therefore affirm the court's determination of child support in the amended judgment. Insofar as the district court did not rule on how to calculate the child support arrearage, i.e., whether to include amounts paid pursuant to a side agreement between Bertsch and Maynor, Bertsch is free to raise this issue with the district court on remand.

### IV

[¶ 8] On cross-appeal, Maynor argues that the district court erred in not awarding her attorney's fees under N.D.C.C. § 14–05–23 for her motion to relocate. Under N.D.C.C. § 14–05–23, the district court has discretion to award attorney's fees in divorce proceedings. *Reiser v. Reiser,* 2001 ND 6, ¶ 15, 621 N.W.2d 348. We have previously remanded for a determination of an award of attorney's fees under N.D.C.C. § 14–05–23 in cases involving motions to change residence or relocate. *See, e.g., Frieze v. Frieze,* 2005 ND 53, ¶ 20, 692 N.W.2d 912 (denying motion for change of custody, affirming motion for change of residence, and remanding for determination of request for attorney fees on appeal under N.D.C.C. § 14–05–23). An award of attorney's fees is within the sound discretion of the district court and will not be set aside on

appeal absent an abuse of discretion. *Reiser*, at ¶ 15. A district court abuses its discretion if it misinterprets or misapplies the law. *Heller v. Heller*, 367 N.W.2d 179, 184 (N.D.1985). We have provided the following guidance for district courts in considering an award of attorney's fees under N.D.C.C. § 14–05–23:

> In deciding whether to award attorney fees in a divorce action, the trial court must balance one [party's] needs against the other [party's] ability to pay. The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case. An award of attorney fees requires specific findings supported by evidence of the parties' financial conditions and needs.

*Reiser*, at ¶ 15 (citations omitted).

[¶ 9] In its February 25, 2005, order, the district court denied Maynor's motion for attorney's fees, explaining:

> This Court is of the opinion that the 'inquiry as to whether Andrew should be required to pay all (or a portion) of Lynell's attorney's fees essentially begins and ends with Judge Holum's determination that Andrew opposed Lynell's change of residency motion *in good faith.* It would be a far different matter if the integrity of Andrew's opposition to the proposed move could reasonably be questioned—but that is not the case, as everybody knows.

(Emphasis in original.)

[¶ 10] In awarding attorney's fees, fault is a consideration only to the extent that one party has unreasonably escalated the fees. *Reiser*, 2001 ND 6, ¶ 16, 621 N.W.2d 348; *Foreng v. Foreng*, 509 N.W.2d 38, 41 (N.D.1993).

[¶ 11] The district court began and ended its analysis of Maynor's request for attorney's fees with Bertsch's good faith in opposing Maynor's motion to change residency. While it may be true Bertsch did not unreasonably escalate the fees in this case, that factor is not necessarily dispositive. In addition to whether or not either or both parties unreasonably escalated the fees, the proper analysis must also include balancing one party's needs against the other party's ability to pay. *See Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348. Under these circumstances, we conclude the district court failed to balance the parties' needs and ability to pay and misapplied the law in considering whether or not to award Maynor attorney's fees. We conclude a remand is necessary for a correct application of the law. We have reviewed the remaining issues raised on appeal by Bertsch and Maynor and find no merit to these arguments.

## V

[¶ 12] We affirm the district court's amended judgment, including its visitation and child support award, and we reverse and remand to the district court for reconsideration of Maynor's request for attorney's fees in accordance with this opinion and for consideration of the calculation of the child support arrearage.

[¶ 13] BENNY A. GRAFF, S.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

[¶ 14] The Honorable BENNY A. GRAFF, Surrogate Judge, sitting in place of CROTHERS, J., disqualified.