2007 ND 168

**Andrew M. BERTSCH, Plaintiff and Appellee**

v.

**Lynell C. BERTSCH, n/k/a Lynell C. Maynor, Defendant and Appellant.**

**No. 20070110.**

Supreme Court of North Dakota.

Oct. 19, 2007.

Rehearing Denied Nov. 20, 2007.

H. Malcolm Pippin of Nilles, Ilvedson, Stroup, Plambeck & Selbo, Ltd., Williston, N.D., for plaintiff and appellee.

Robert S. Rau of Bosard, McCutcheon & Rau, Ltd., Minot, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Lynell Bertsch, now known as Lynell Maynor, appeals the district court judgment awarding attorney's fees to Andrew Bertsch as a sanction for her failure to comply with a discovery order to produce financial information regarding herself and her current husband. We affirm, concluding the district court did not abuse its discretion in sanctioning Maynor.

I

[¶ 2] In March 2004, Maynor filed a petition to relocate with the couple's minor child to Maryland. In its December 29, 2004, judgment, the district court advised Maynor to file an application for attorney's fees under Rule 54(e), N.D.R.Civ.P., to see what amount, if any, should be shifted to Bertsch. Maynor's motion for attorney's fees was denied by the court in its February 25, 2005, memorandum and order. The court denied Maynor's request for attorney's fees because Bertsch opposed her petition to relocate in good faith. This Court, in *Bertsch v. Bertsch*, 2006 ND 31, 710 N.W.2d 113, held that the district court misapplied the law in deciding the issue of attorney's fees.

[¶ 3] Upon remand, proceedings were held to decide whether Maynor was entitled to attorney's fees in her petition to relocate with the couple's minor child. As part of the proceedings, Bertsch sought discovery as to the financial condition of Maynor and her current husband, who is a Maryland resident. The discovery sought various tax records and financial documents. Maynor answered the discovery in part, but did not produce the financial documents relating to her current husband.

[¶ 4] On August 31, 2006, the district court ordered Maynor to produce certain financial information. Specific information ordered to be produced included: (1) tax returns, whether filed individually or jointly with someone else, for the past five years; (2) documents evidencing an ownership interest, individually or jointly, in stock, mutual funds, or other financial investments during the years 2004, 2005, and 2006; (3) financial records for any and all accounts in which Maynor had an ownership interest, individually or jointly, during the years 2004, 2005, and 2006; (4) information concerning any gifts of personal property or money valued at $500 or more, and inherited funds or property of any value received by Maynor during the years 2004, 2005, and 2006; and (5) an itemized breakdown of the Maynor family's household expenses for the first eight months of 2006. Maynor did not comply with the order.

[¶ 5] In its February 26, 2007, memorandum and order, the district court denied Maynor's request for attorney's fees because she did not provide the information required to make an informed decision as to her need for an award of attorney's fees. The district court also ordered Maynor, under N.D.R.Civ.P. 37(b), to pay the reasonable expenses, including attorney's fees, incurred by Bertsch in defending against her request for attorney's fees. After Bertsch submitted billing statements, the court ordered Maynor to pay him $3,607 in attorney's fees.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Maynor's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 7] Maynor argues the district court erred when it issued its August 31, 2006, order, because, under the law of the case doctrine, there should not have been any new discovery taken to find whether Maynor was entitled to attorney's fees. She argues the district court's December 29, 2004, judgment entitled her to attorney's fees. Under the law of the case doctrine, a court's decision on legal issues should govern the same issues in later stages of the same case. *Strom–Sell v. Council for Concerned Citizens, Inc.*, 1999 ND 132, ¶ 12, 597 N.W.2d 414. The law of the case doctrine, however, applies only to issues decided by final judgments. *Id.*

[¶ 8] The district court's December 29, 2004, judgment was not a final order directing Bertsch to pay Maynor's attorney's fees. It directed Maynor to apply for attorney's fees under Rule 54(e), N.D.R.Civ.P., so the court could decide what amount, if any, should be shifted to Bertsch. After Maynor applied, the district court denied attorney's fees to Maynor in its February 25, 2005, memorandum and order, which was the final judgment on the issue of attorney's fees. Therefore, the law of the case doctrine does not apply here.

[¶ 9] This Court remanded the issue of attorney's fees to the district court because it misapplied the law in deciding the matter. The district court issued its August 31, 2006, order to find whether Maynor had a need for attorney's fees.

[¶ 10] A district court has broad discretion regarding the scope of discovery, and its discovery decisions will not be reversed on appeal absent an abuse of discretion. *Smith v. Smith*, 538 N.W.2d 222, 230 (N.D.1995). A district court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it

misinterprets or misapplies the law. *Id.* We hold the district court did not abuse its discretion when it issued its August 31, 2006, order. The court's purpose in issuing the discovery order was to find whether Maynor had a need for attorney's fees.

## III

[¶ 11] Under N.D.C.C. § 14–05–23, a district court has discretion to award attorney's fees in divorce proceedings, including those involving motions to change residence or relocate. *Bertsch*, 2006 ND 31, ¶ 8, 710 N.W.2d 113. "An award of attorney's fees is within the sound discretion of the district court and will not be set aside on appeal absent an abuse of discretion." *Id.* This Court has provided the following guidance for district courts in considering an award of attorney's fees under N.D.C.C. § 14–05–23:

> In deciding whether to award attorney fees in a divorce action, the trial court must balance one [party's] needs against the other [party's] ability to pay. The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case. An award of attorney fees requires specific findings supported by evidence of the parties' financial conditions and needs.

*Id.* (quoting *Reiser v. Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348).

[¶ 12] As discussed above, the district court issued a discovery order to help determine whether or not Maynor had a need for attorney's fees. Maynor did not comply with the order. Because the district court was unable to determine whether Maynor had a need for attorney's fees without the information, it denied her request in its February 26, 2007, memorandum and order. We conclude the district

court did not abuse its discretion in denying Maynor's request for attorney's fees.

## IV

[¶ 13] Maynor argues the district court abused its discretion when it imposed sanctions against her. Rule 37(b), N.D.R.Civ.P., allows a district court to impose sanctions on a party for failing to comply with a court order. Rule 37(b) states, "the court shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." A district court has broad discretion to impose an appropriate sanction for discovery abuses, and its decision will be set aside on appeal only if it has abused that discretion. *Vorachek v. Citizens State Bank of Lankin*, 421 N.W.2d 45, 50 (N.D.1988).

[¶ 14] Here, the district court imposed sanctions against Maynor for not complying with its August 31, 2006, order. The court directed Maynor to pay Bertsch his attorney's fees in the amount of $3,607 under N.D.R.Civ.P. 37(b). The court was required to award Bertsch his reasonable expenses under Rule 37(b). Therefore, we hold the district court did not abuse its discretion by imposing sanctions against Maynor.

[¶ 15] Maynor argues there was substantial justification for her noncompliance with the district court's discovery order. She argues she did not have to produce the information regarding her current husband because it was irrelevant in deciding whether she had a need for attorney's fees. Even if Maynor thought the district court's order was erroneous, she should have complied with it. *See Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 11, 598 N.W.2d 499

("Where a court has issued an order, even if erroneous, the party to whom the order was issued must obey it as long as it remains in force or until it is reversed, modified or set aside on appeal, and the failure to obey such an order is punishable as contempt of court."). Maynor had sought and been denied a writ of supervision from this Court. Maynor was not justified in disobeying the district court's order.

## V

[¶ 16] Bertsch argues attorney's fees under N.D.R.App.P. 38 should be imposed against Maynor because her appeal is frivolous. Under N.D.R.App.P. 38, "[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." An appeal is frivolous under Rule 38 if it is flagrantly groundless, meritless, or manifests persistence in the course of litigation which could be seen as evidence of bad faith. *Flattum–Riemers v. Peters–Riemers*, 2001 ND 121, ¶ 22, 630 N.W.2d 71.

[¶ 17] To the extent our previous opinion could have been interpreted as circumscribing the authority of the district court on remand, we conclude Maynor's appeal is not frivolous.

## VI

[¶ 18] The judgment is affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., STEPHEN E. McCULLOUGH, D.J., CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

[¶ 20] The Honorable STEVEN E. McCULLOUGH, District Judge, sitting in place of CROTHERS, J., disqualified.