2012 ND 137

**Julie Alison CASTRO, Plaintiff and Appellant,**

v.

**Crescencio CASTRO, Defendant.**

No. 20110369.

Supreme Court of North Dakota.

July 12, 2012.

Tracey Rae Lindberg, Breckenridge, MN, for plaintiff and appellant.

Crescencio Castro, defendant; no appearance.

MARING, Justice.

[¶ 1] Julie Castro appeals from a district court order dismissing without prejudice her interstate custody proceeding against Crescencio Castro for custody of the parties' minor child. We conclude the district court misapplied the law for exercising jurisdiction for an interstate custody proceeding, and we reverse and remand for further proceedings.

I

[¶ 2] Julie Castro grew up in North Dakota. She moved to Illinois in 2006 for work, where she met Crescencio Castro. They married in June 2009, and lived in Illinois during their marriage. They initially separated in the fall of 2009, but reunited in November 2009. Julie Castro learned she was pregnant in August 2010. The parties separated and reunited again in October 2010, but they finally separated in November 2010, and Julie Castro moved to North Dakota in December 2010. She thereafter reestablished residency in North Dakota, and the parties' child was born in North Dakota in May 2011. Julie Castro and the child have lived in North Dakota since the child's birth.

[¶ 3] Crescencio Castro commenced a divorce action against Julie Castro in Illinois in June 2011. In September 2011, Julie Castro sued Crescencio Castro in North Dakota district court for primary residential responsibility and decision making authority of the parties' child, alleging she is a North Dakota resident, Crescencio Castro is an Illinois resident, they are parties to a pending Illinois divorce action, the child was born in North Dakota and has resided in North Dakota since birth, and North Dakota is the home state of the child with custody jurisdiction under N.D.C.C. ch. 14–14.1, the Uniform Child Custody Jurisdiction and Enforcement Act ["UCCJEA"]. Crescencio Castro did not answer the complaint.

[¶ 4] In October 2011, Julie Castro moved for a default judgment, or, alternatively, for interim relief. After a telephonic conference with an Illinois trial court in the pending Illinois divorce proceeding, the North Dakota district court issued a preliminary decision, ruling North Dakota was the child's home state and had jurisdiction to make an initial child custody determination. However, the district court said that because Crescencio Castro was seeking only visitation and not custody in the Illinois proceeding, North Dakota was an inconvenient forum to resolve visitation issues. The court explained:

a. Mr. Castro will not be disputing Ms. Castro's physical custody of the child [in the Illinois proceeding] and as such, there is no specific evidence tied to North Dakota that is necessary for any resolution of such issue.

b. As to visitation, the allegations that Mr. Castro abuses alcohol which certainly would be relevant to the issue of visitation, any such alleged evidence is wholly and solely available in Illinois, not North Dakota, which makes North Dakota an inconvenient forum to litigate such an issue.

c. This Court has not been apprised that there is any evidentiary issues regarding visitation or derivative issues therefrom that are specific to North Dakota. Given that the child is presently an infant, visitation issues will generally involve general psychological doctrine regarding date, time, and manner of visitation which is not specific to North Dakota.

d. If Mr. Castro is requesting equal decision making authority concerning this child, the only relevant issue that has been raised is his alleged abuse of alcohol and any evidence pertaining to this issue is wholly and solely located in Illinois.

[¶ 5] The district court provided Julie Castro additional time to respond to the court's preliminary ruling. After her response, the court dismissed her action without prejudice, stating if Crescencio Castro changed his legal position on custody in the Illinois proceeding and sought custody there, she could refile this action in North Dakota.

## II

■ [¶ 6] A dismissal without prejudice is ordinarily not appealable; however, a dismissal without prejudice may be final and appealable if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum. *Jaskoviak v. Gruver*, 2002 ND 1, ¶ 8, 638 N.W.2d 1. The district court's dismissal without prejudice effectively precludes Julie Castro's action in North Dakota unless Crescencio Castro changes his position on primary residential responsibility. Once the Illinois court enters a decision on custody, it can exercise continuing exclusive jurisdiction for child custody determinations. *Benson v. Benson*, 2003 ND 131, ¶ 11, 667 N.W.2d 582. We conclude the court's conditional dismissal without prejudice effectively terminates Julie Castro's action in North Dakota and is appealable.

## III

[¶ 7] Julie Castro argues the district court erred in dismissing her action to establish primary residential responsibility, decision making responsibility, and parenting time for the parties' child. She argues the court erred in not acknowledging the primacy of home state jurisdiction in North Dakota and in deciding North Dakota was an inconvenient forum. She argues the court erred in failing to analyze jurisdiction under the Parental Kidnaping Prevention Act ("PKPA").

[¶ 8] Subject matter jurisdiction for interstate custody disputes is governed by the PKPA, 28 U.S.C. § 1738A, which was enacted by congress in 1980, and the UCCJEA, which was adopted by the National Conference of Commissioners on Uniform State Laws in 1997 and enacted by the North Dakota legislature in 1999. *See Kelly v. Kelly*, 2011 ND 167, ¶ 14, 806 N.W.2d 133; *Benson*, 2003 ND 131, ¶¶ 6–7, 667 N.W.2d 582. *See also* Kelly Gaines Stoner, *The Uniform Child Custody Jurisdiction & Enforcement Act (UCCJEA)—A Metamorphosis of the Uniform Child Custody Jurisdiction Act (UCCJA)*, 75 N.D. L.Rev. 301, 301–05 (1999). Illinois adopted the UCCJEA, effective January 1,

2004. *See* 750 Ill. Comp. State. Ann. 36/101 (West 2009). The UCCJEA changed the UCCJA to give jurisdictional priority and exclusive continuing jurisdiction to a child's "home state." *Kelly*, at ¶ 15; *Benson*, at ¶¶ 6–7. That change harmonizes the UCCJEA with the PKPA to ensure that custody and visitation orders under the UCCJEA will comply with the PKPA and will be entitled to full faith and credit under federal law. *Benson*, at ¶ 6. *See* Kelly Gaines Stoner, *The Uniform Child Custody Jurisdiction & Enforcement Act*, at 305. The UCCJEA and the PKPA effectively require the same "home state" analysis for jurisdiction over interstate child custody determinations. *See* Kelly Gaines Stoner, *The Uniform Child Custody Jurisdiction & Enforcement Act*, at 305.

[¶ 9] In *Harshberger v. Harshberger*, 2006 ND 245, ¶ 17, 724 N.W.2d 148, this Court described the framework for resolving interstate custody disputes under the UCCJEA and the PKPA:

The UCCJEA establishes priorities for home state jurisdiction and provides for exclusive, continuing jurisdiction in the state issuing the initial decree except under limited circumstances. *See Benson v. Benson*, 2003 ND 131, ¶ 7, 667 N.W.2d 582; David Carl Minneman, Annotation, *Construction and Operation of Uniform Child Custody Jurisdiction and Enforcement Act*, 100 A.L.R.5th 1, 20 (2002). In *Benson*, at ¶ 8, this Court outlined the multi-step process a court must follow in interstate custody disputes to determine whether to exercise jurisdiction under the UCCJEA and the PKPA:

First, a court must determine whether it has jurisdiction [as the child's home state], and, if it finds that it does, it then must determine whether there is a custody proceeding pending or a decree made by another state which has jurisdiction. If there is a pending custody proceeding in another state, a court must follow the process in N.D.C.C. § 14–14.1–17 and PKPA § 1738A(g). A court may not modify a decree issued by another state, except as provided in N.D.C.C. § 14–14.1–14 and PKPA §§ 1738A(f) and (h). Finally, assuming there is neither a proceeding pending in another state nor a decree by which another state retains jurisdiction, the court may decline to exercise jurisdiction under N.D.C.C. § 14–14.1–18 on the basis of an inconvenient forum, and the court shall decline to exercise its jurisdiction under the provisions of N.D.C.C. § 14–14.1–19 if a person seeking to invoke the court's jurisdiction has engaged in unjustifiable conduct.

[¶ 10] The UCCJEA contemplates judicial cooperation as one of the methods for eliminating simultaneous proceedings and provides mechanisms for courts to cooperate with each other. *Kelly*, 2011 ND 167, ¶ 16, 806 N.W.2d 133; *Harshberger*, 2006 ND 245, ¶ 13, 724 N.W.2d 148; UCCJEA § 112, Comment, 9 *Uniform Laws Annotated* 669 (Part IA 1999). The role of judicial communications is emphasized by N.D.C.C. § 14–14.1–09(1), which provides "[a] court of this state may communicate with a court in another state concerning a proceeding arising under this chapter." Although communication between courts is generally discretionary, it is required in certain situations. *See* N.D.C.C. § 14.14.1–15(4) (court "shall immediately communicate with the other court" in situations involving temporary emergency jurisdiction); N.D.C.C. § 14–14.1–17(2) ("If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other

state"); N.D.C.C. § 14–14.1–27 (if a proceeding for enforcement is begun in this state and "the court determines that a proceeding to modify the determination is pending in a court of another state having jurisdiction to modify the determination . . ., the enforcing court shall immediately communicate with the modifying court"); *see also* UCCJEA § 110, Comment, 9 *Uniform Laws Annotated,* at 667. Under N.D.C.C. § 14–14.1–09(4), except for communications about schedules, calendars, court records, and similar matters, a record of the communications between courts must be made and the parties must be granted access to the record. We note that the record in this appeal does not include a record of the communications between the North Dakota and Illinois courts. Under N.D.C.C. § 14–14.1–09(4), that record should have been provided.

■ [¶ 11] Section 14–14.1–01(6), N.D.C.C., defines "home state" for a child less than six months of age to mean "the state in which the child lived from birth with" a parent or a person acting as a parent. Illinois has the same definition of "home state." *See* 750 Ill. Comp. Stat. Ann. 36/102(7) (West 2009). Under those definitions, North Dakota is this child's home state, and North Dakota has "home state" jurisdiction to make an initial child custody determination under N.D.C.C. § 14–14.1–12, which provides

1. Except as otherwise provided in section 14–14.1–15 [temporary emergency jurisdiction], a court of this state has jurisdiction to make an initial child custody determination only if:

   a. This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state

   but a parent or person acting as a parent continues to live in this state;

   b. A court of another state does not have jurisdiction under subdivision a, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 14–14.1–18 or 14–14.1–19, and:

   (1) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

   (2) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

   c. All courts having jurisdiction under subdivision a or b have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 14–14.1–18 or 14–14.1–19; or

   d. No court of any other state would have jurisdiction under the criteria specified in subdivision a, b, or c.

2. Subsection 1 is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

3. Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

[¶ 12] As the child's home state, the UCCJEA authorizes a North Dakota court to exercise jurisdiction to make an initial child custody determination. *Benson,* 2003 ND 131, ¶ 8, 667 N.W.2d 582. Although N.D.C.C. § 14–14.1–17 applies to

simultaneous proceedings, the child has never lived in Illinois and the Illinois court is not a court "having jurisdiction substantially in conformity" with N.D.C.C. ch. 14–14.1 under the language for simultaneous proceedings in N.D.C.C. § 14–14.1–17. Rather, the North Dakota district court decided not to exercise home state jurisdiction under the "inconvenient forum" language in N.D.C.C. § 14–14.1–18, which authorizes a North Dakota court to decline to exercise jurisdiction under certain circumstances:

1. A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.

2. Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

   a. Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

   b. The length of time the child has resided outside this state;

   c. The distance between the court in this state and the court in the state that would assume jurisdiction;

   d. The relative financial circumstances of the parties;

   e. Any agreement of the parties as to which state should assume jurisdiction;

   f. The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

   g. The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

   h. The familiarity of the court of each state with the facts and issues in the pending litigation.

3. If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.

4. A court of this state may decline to exercise its jurisdiction under this chapter if a child custody determination is incidental to an action for divorce or another proceeding while still retaining jurisdiction over the divorce or other proceeding.

[¶ 13] This Court has said a decision to decline jurisdiction on the ground that the home state court is an inconvenient forum under the predecessor UCCJA is reviewed under the abuse-of-discretion standard. *Dennis v. Dennis*, 387 N.W.2d 234, 235 (N.D.1986). A district court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it misinterprets or misapplies the law. *Bertsch v. Bertsch*, 2007 ND 168, ¶ 10, 740 N.W.2d 388.

[¶ 14] Under the UCCJEA, North Dakota is the child's home state for

purposes of making an initial child custody determination. *Benson*, 2003 ND 131, ¶ 8, 667 N.W.2d 582. Here, without specifically analyzing the factors in N.D.C.C. § 14–14.1–18(2), the district court declined to exercise jurisdiction to decide visitation issues under the inconvenient forum provision, stating issues involving Crescencio Castro's fitness for visitation with the child were unique to Illinois. However, visitation issues involve more than a non-custodial parent's situation and those issues are not severable from a child custody determination under N.D.C.C. ch. 14–14.1, which defines a "child custody determination" to include a proceeding in which "visitation with respect to a child" is an issue. N.D.C.C. § 14–14.1–01(2). *See* UCCJEA § 102(3), Comment, 9 *Uniform Laws Annotated*, at 659 (noting expanded definition of "child-custody determination" from comparable definition in UCCJA). The district court's decision effectively authorized an Illinois court to issue an initial child custody determination and to subsequently exercise continuing exclusive jurisdiction for child custody determinations. *See Benson*, at ¶ 7. The court's decision is contrary to home state priority under the UCCJEA and the PKPA. Moreover, if evidence involving Crescencio Castro's visitation is unique to Illinois, the UCCJEA contemplates flexible procedures for taking testimony in other states and gathering evidence without requiring a home state court to decline to exercise its jurisdiction. *See* N.D.C.C. §§ 14–14.1–10 and 14–14.1–11. *See also* UCCJEA § 207, Comment, 9 *Uniform Laws Annotated*, at 683 (recognizing that distance concerns for determining an inconvenient forum can be alleviated by applying the communication and cooperation provisions of Sections 111 and 112, which are codified in N.D.C.C. §§ 14–14.1–10 and 14–14.1–11).

[¶ 15] On this record, we conclude the district court misapplied the definition of a "child custody determination" in declining to exercise jurisdiction to decide visitation and failed to analyze the factors for an inconvenient forum under N.D.C.C.

§ 14–14.1–18(2) without considering other available alternatives for taking evidence and making a child custody determination in the child's home state. We reverse the district court decision and remand for proceedings consistent with this opinion.

IV

[¶ 16] We reverse and remand.

[¶ 17] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.