Filed 6/30/16 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2016 ND 121

Halo Holdings Group, LLLP, Plaintiff

v.

Bird Industries, Inc.,     Defendant, Intervenor-Defendant and Appellee 

      ---------------

Lonnie Spotted Bear, Intervenor-Plaintiff and Appellant

No. 20160077

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Per Curiam.

John J. Mahoney, P.O. Box 355, Center, ND 58530-0355, for defendant, intervenor-defendant and appellee; submitted on brief.

Lonnie Spotted Bear, self-represented, RR 930 BIA RT 20A, Halliday, ND 58636, intervenor-plaintiff and appellant; submitted on brief.

Halo Holdings Group, LLLP v. Bird Industries, Inc.

No. 20160077

Per Curiam.

[¶1] Lonnie Spotted Bear appeals from a district court order dismissing his complaint.  Halo Holdings, LLLP (“Halo”) sued Bird Industries, Inc. (“Bird”) in district court alleging damages arising from an agreement between the parties to jointly engage in oilfield support operations.  Spotted Bear, an enrolled member of the Three Affiliated Tribes, filed an intervener complaint in district court alleging Halo and Bird converted water from his property, which is located on the Fort Berthold Reservation.  Bird filed a motion to dismiss; Spotted Bear did not file a response.  The district court dismissed Spotted Bear’s complaint with prejudice, noted he had failed to comply with discovery requests, and ordered he pay Bird’s attorney fees.

[¶2] On appeal, Spotted Bear argues the district court did not have jurisdiction over his claim because it concerns property within the Fort Berthold Reservation.  He also argues the district court’s award of attorney fees was erroneous.  In cases where a claim arises on an Indian reservation, “under 
Williams [v. Lee
, 358 U.S. 217 (1959)], state court jurisdiction is foreclosed if it is preempted by incompatible federal law or if it would undermine the right of  reservation Indians to make their own laws and be ruled by them.”  
Arrow Midstream Holdings, LLC v. 3 Bears Constr., LLC
, 2015 ND 302, ¶ 25, 873 N.W.2d 16.  In this case, Spotted Bear’s conversion claim is not preempted by federal law, and it does not implicate tribal self-governance.  He brought his claim in state court seeking redress against two business entities; we conclude that court had jurisdiction.  
See
 
Three Affiliated Tribes v. Wold Eng’g, P.C.
, 467 U.S. 138, 148-49 (1984) (“tribal self-government is not impeded when a State allows an Indian to enter its courts on equal terms with other persons to seek relief against a non-Indian concerning a claim arising in Indian country”).  We also affirm the district court’s award of attorney fees.  
See
 
Bertsch v. Bertsch
, 2007 ND 168, ¶ 13, 740 N.W.2d 388 (“A district court has broad discretion to impose an appropriate sanction for discovery abuses, and its decision will be set aside on appeal only if it has abused that discretion.”).  We summarily affirm under N.D.R.App.P. 35.1(a)(4).

[¶3] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom