2013 ND 47

**Julie JENSEN f/k/a Julie Deaver, Plaintiff and Appellee**

v.

**Derrick DEAVER, Defendant and Appellant.**

**No. 20120373.**

Supreme Court of North Dakota.

April 4, 2013.

Michael S. McIntee, Towner, N.D., for plaintiff and appellee.

Robert S. Rau, Minot, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Derrick Deaver appealed from a district court order granting a motion by Julie Jensen to restrict his parenting time with the parties' two minor children by requiring him to exercise supervised parenting time outside the presence of his fiancee and her daughter. We conclude the court's decision is not clearly erroneous, and we affirm the order.

I

[¶ 2] Jensen and Deaver were divorced in 2009, when their children were three and two years old. Jensen was granted primary residential responsibility of the children, and Deaver was granted parenting time.

[¶ 3] In a motion filed June 28, 2012, Jensen made an "emergency request" to "suspend [Deaver's] parenting time" with the children, alleging they had been subjected to inappropriate photographs and touches by Deaver's fiancee's eight-year-old daughter. On June 27, 2012, Jensen mailed the notice of motion, the motion, and a supporting affidavit to Deaver's counsel of record. Jensen's supporting affidavit described information the children told her in late May or early June 2012, about inappropriate pictures of their private parts and inappropriate touches by Deaver's fiancee's daughter. Jensen asked the court to suspend Deaver's scheduled parenting time and to require supervised parenting time pending a final hearing. Her affidavit stated that after attempts to contact her attorney, law enforcement officers, and the parties' parenting coordinator, she eventually scheduled interviews for the children with a McHenry County child abuse investigator on June 26, 2012. According to Jensen, after the June 26 interviews she was advised "to take steps to protect" the children. Jensen's affidavit stated Deaver's next scheduled parenting time with the children was on Thursday June 28, and expressed her "concern[ ] that unless [the] Court suspends the parenting time, repercussions will occur when [the children] are with [Deaver] and his [fiancee]. I cannot but believe that if [Deaver] were to have the [children] unsupervised, that he would attempt to manipulate them or threaten them to stop telling about the abuse." Jensen also provided the court with information about the parties' schedule for parenting time, which stated Deaver was scheduled to have the children from Thursday, June 28 at 5:00 p.m. until Monday, July 2 at 6:00 p.m.

[¶ 4] On June 28, 2012, the district court issued an ex parte order suspending Deaver's parenting time and requiring him to exercise supervised parenting time with the parties' children outside the presence of his fiancee and her daughter. The court's ex parte order stated Jensen's moving documents indicated there may be abuse occurring and North Dakota law authorizes an order protecting children upon a reasonable showing of harm to the

children. The court stated it was necessary to issue an order modifying Deaver's parenting time and he "may challenge the necessity of this Order, by filing a proper motion with this Court at which time the Court will receive evidence and issue such orders as may be in the children's best interest."

[¶5] In a motion filed July 11, 2012, Deaver asked the district court to expeditiously withdraw its ex parte order. He claimed N.D.R.Ct. 8.2 did not authorize Jensen's emergency request and the specific procedures for obtaining an emergency ex parte order were not followed. He claimed neither he nor his attorney received notice of the emergency proceeding, and he was denied due process and equal protection.

[¶6] After a July 31, 2012 evidentiary hearing, the district court issued an order requiring Deaver to exercise supervised parenting time outside the presence of his fiancee and her daughter until further court order and subject to review at the request of either party after March 1, 2013. The court stated it was "absolutely convinced" about the parties' children's veracity and found Deaver's fiancee's daughter did take inappropriate photographs of the children and performed at least one incident of inappropriate touching. The court found the children were fearful and distrustful of Deaver's fiancee's daughter and the testimony of Charles Pospishil, a licensed clinical social worker at North Central Human Services in Minot, persuasively established the parties' children suffered additional harm because Deaver did not believe their version of the inappropriate photographs and touchings. The court found there was no evidence Deaver was involved in the inappropriate activities in his home, but also found his denials and repudiation of his children's claims were harmful to the children.

II

[¶7] Deaver argues the district court violated N.D.R.Ct. 8.2 by not affording him notice and an opportunity to be heard on the initial ex parte motion and order. He argues he has been represented by counsel of record throughout the parties' divorce and subsequent proceedings and no notice of this motion was initially provided to him or his counsel, which resulted in him being denied procedural and substantive rights. He claims the motion was not supported by a showing of immediate harm by him to his children. Jensen responds the emergency motion was necessary under the circumstances and was mailed to Deaver's counsel because his counsel does not have email or facsimile contact information. Jensen also argues this Court need not review the ex parte order because Deaver's appeal is from a final order entered after the evidentiary hearing.

[¶8] Rule 8.2, N.D.R.Ct., deals with interim orders in domestic relations cases and provides, in relevant part:

(a) Ex Parte Interim Order.

(1) No interim order may be issued except on notice and hearing unless the court specifically finds exceptional circumstances. Exceptional circumstances include:

(A) threat of imminent danger to any party or minor child of the party; or

(B) circumstances indicating that an ex parte interim order is necessary to protect the parties, any minor children of the parties, or the marital estate.

(2) No ex parte interim order may be issued unless the moving party executes an affidavit setting forth specific facts justifying the issuance of the order. A restraining and eviction order may not be issued ex parte unless

the moving party also appears personally and good cause is shown for issuance of the order.

(3) An ex parte interim order may include provisions relating to temporary parental rights and responsibilities, support and other appropriate expenses, use of real or personal property, restraining, and eviction.

(4) If there has been an appearance in the action by the opposing party, or if the attorney for the moving party has knowledge that the opposing party is represented by an attorney, the attorney for the moving party must notify the court. After receiving notice of the appearance or representation, the court must attempt to hold an emergency hearing, either in person or by telephonic conference, at which both parties may be heard, before issuing any order. The issuance of an order following an emergency hearing will in no manner affect a party's right to a further hearing on the merits of the order as provided in Rule 8.2(a)(5).

(5) An ex parte interim order must specifically provide:

(A) that a hearing upon the necessity for the issuance of the order or the amounts to be paid be held within 30 days of the issuance of the ex parte interim order, unless an earlier hearing is required under N.D.C.C. ch. 14–07.1, or an application for change of venue is pending. If the ex parte interim order contains provisions delineated in N.D.C.C. ch. 14–07.1, the hearing must be scheduled in a timely manner under the chapter;

(B) that the party obtaining the ex parte interim order must secure a hearing date and personally serve the ex parte interim order and a notice of hearing on the opposing party; and

(C) that the hearing on the ex parte interim order may be waived if the opposing party files a written waiver with the court no later than two days before the hearing date. The written waiver must be served on the moving party.

(6) The ex parte interim order remains in effect until it is amended following a court hearing.

(7) An ex parte interim order modifying parenting time may be issued postjudgment.

(8) No ex parte interim order modifying primary residential responsibility may be issued postjudgment.

[¶ 9] The record reflects Jensen served Deaver's counsel with the "emergency" motion by mail, alleging facts that constitute "exceptional circumstances" under N.D.R.Ct. 8.2(a)(1). In issuing the ex parte interim order, the district court said the moving documents, which included Jensen's affidavit, indicate there may be abuse of the parties' minor children occurring. *See* N.D.R.Ct. 8.2(a)(2) (requiring moving party to execute affidavit setting forth specific facts justifying ex parte interim order). *See also Whitmire v. Whitmire*, 1997 ND 214, ¶¶ 11–13, 570 N.W.2d 231 (discussing requirements of N.D.R.Ct. 8.2 and stating movant's affidavit facially justified emergency order). The court noted emergency orders may be issued to protect children upon a reasonable showing of harm to the children, and the court decided it was necessary to issue an order restricting Deaver's parenting time in this case. The court's findings are sufficient to understand the basis for the order. *See Keita v. Keita*, 2012 ND 234, ¶ 5, 823 N.W.2d 726 (stating district court's factual findings should be stated with sufficient specificity to enable appellate court to un-

derstand basis for decision). But the order does not comply with the rule for ex parte interim orders in domestic relations cases requiring the court to specifically find facts constituting "exceptional circumstances," which includes a "threat of imminent danger to any.... minor child of the party," or "circumstances indicating ... an ex parte interim order is necessary to protect ... any minor children of the parties." N.D.R.Ct. 8.2(a)(1)(A) and (B).

[¶ 10] If there has been an appearance in the action by the opposing party, N.D.R.Ct. 8.2(a)(4) requires the court to attempt to hold an emergency hearing, either in person or by telephonic conference, at which both parties may be heard, before issuing an ex parte interim order. Moreover, an ex parte interim order must specifically provide that a hearing on the order be held within 30 days of issuance of the ex parte order and the party obtaining the ex parte order must secure the hearing date and personally serve the opposing party. N.D.R.Ct. 8.2(a)(5)(A) and (B).

[¶ 11] This record does not establish that the procedure employed in this case and the district court's order satisfied the emergency hearing requirements of N.D.R.Ct. 8.2(a)(4) and other requirements of N.D.R.Ct. 8.2(a)(5)(A) and (B). However, a hearing was subsequently held on the ex parte interim order and Deaver's appeal is from the subsequent order. *See* N.D.C.C. § 28–27–02(7) (stating order issued without notice is not appealable, but order issued after hearing which vacates or refuses to set aside ex parte order may be appealed). *See also Matter of Estate of Kjorvestad,* 395 N.W.2d 162, 163–64 (N.D. 1986) (stating N.D.C.C. § 28–27–02(7) precludes appeal of ex parte order until the court entering the order has a chance to reconsider decision in adversary proceeding); *Production Credit Ass'n v. Schlak,* 383 N.W.2d 826, 827–28 (N.D.1986) (stat-

ing ex parte order is not appealable); *Beck v. Smith,* 296 N.W.2d 886, 888–89 (N.D. 1980) (stating party against whom ex parte order is issued can move to vacate order and court decision on motion to vacate may then be appealed).

[¶ 12] In other circumstances involving the termination of property interests without a prior evidentiary hearing, we have recognized that due process may be satisfied by a later evidentiary hearing. *See, e.g., Beckler v. North Dakota Workers Comp. Bur.,* 418 N.W.2d 770, 772–75 (N.D. 1988). Our review in this case is of the subsequent order entered after the evidentiary hearing, but we caution that a "systemic" or "commonplace" disregard of the rules, which is "potentially prejudicial" to a party, may warrant reversal. *See Madison v. North Dakota Dep't of Transp.,* 503 N.W.2d 243, 246–47 (N.D.1993). We thus consider Deaver's claims about the order issued after the evidentiary hearing.

### III

[¶ 13] Deaver argues the district court's order imposing supervised and restricted parenting time is not consistent with current legal standards for restricting his parenting time. He argues there was no objective showing he was the cause of any physical or psychological harm that the children had suffered or would suffer. He argues North Dakota law requires a detailed demonstration of harm to restrict visitation, which he claims was not shown in this case, and he asserts the court's findings are clearly erroneous. Jensen responds the court's order is appropriate because the evidence establishes a person in Deaver's home sexually abused the parties' minor children and Deaver did not protect the children from the abuse.

[¶ 14] In *Keita,* 2012 ND 234, ¶¶ 5–6, 823 N.W.2d 726, this Court recently dis-

cussed standards for restricting parenting time:

> Section 14–05–22(2), N.D.C.C., provides that "upon request of the other parent, [the court] shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health." " 'In awarding [parenting time] to the non-custodial parent, the best interests of the child, rather than the wishes or desires of the parents, are paramount.' " *Wolt v. Wolt,* 2010 ND 26, ¶ 38, 778 N.W.2d 786 (quoting *Bertsch v. Bertsch,* 2006 ND 31, ¶ 5, 710 N.W.2d 113); *see* N.D.C.C. § 14–09–06.2 (providing "best interest" factors). A district court's decision on parenting time is a finding of fact, which we review under the clearly erroneous standard of review. *Wolt,* at ¶ 38; *Bertsch,* at ¶ 5. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made." *Wolt,* at ¶ 7 (quotations omitted). A district court's factual findings should be stated with sufficient specificity to enable this Court to understand the basis for its decision. *See Marsden v. Koop,* 2010 ND 196, ¶ 21, 789 N.W.2d 531.

"[O]ur statutes and case law recognize that [parenting time] with a non-custodial parent may be curtailed or eliminated entirely if it is likely to endanger the child's physical or emotional health." *Marquette v. Marquette,* 2006 ND 154, ¶ 9, 719 N.W.2d 321. This Court has said a restriction on parenting time must be supported by a preponderance of the evidence and " 'accompanied by a de-tailed demonstration of the physical or emotional harm likely to result from visitation.' " *Wolt,* 2010 ND 26, ¶ 38, 778 N.W.2d 786 (quoting *Marquette,* at ¶ 9).

[¶ 15] The district court found the parties' minor children believable and the testimony of Pospishil persuasive. Although the district court said Deaver was not involved in the improper activities occurring in his home, there is evidence pertaining to the conduct of a person in Deaver's home and his failure to protect his children from that conduct. There is also evidence Deaver did not believe his children, and Pospishil's testimony provides detailed evidence that Deaver's belief had an adverse impact on his children. The court's findings state that the children were harmed by the inappropriate touching and inappropriate photographs and that Deaver's denial of the conduct serves to compound the harm to the children.

[¶ 16] Under the clearly erroneous standard of review, we do not reweigh the evidence, reassess the credibility of the witnesses, or substitute our judgment for the district court's decision. *Martire v. Martire,* 2012 ND 197, ¶ 6, 822 N.W.2d 450. Moreover, a choice between two permissible views of the weight of the evidence is not clearly erroneous. *Id.* There is evidence to support the district court's findings, and we conclude the court's findings are sufficiently specific to understand the basis for the court's decision to order supervised visitation outside the presence of Deaver's fiancee and her daughter. We are not left with a definite and firm conviction the court made a mistake in restricting Deaver's parenting time, and we conclude the court's order is not clearly erroneous.

### IV

[¶ 17] We affirm the order.

[¶ 18] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ, concur.