Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 48

Dustin Rebenitsch, Plaintiff and Appellee

v.

Janiece Rebenitsch, Defendant and Appellant

No. 20170302

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Kent M. Morrow, Bismarck, ND, for plaintiff and appellee.

Jennifer M. Gooss, Beulah, ND, for defendant and appellant.

Rebenitsch v. Rebenitsch

No. 20170302

Jensen, Justice.

[¶1] Janiece Rebenitsch appeals the district court’s judgment awarding primary residential responsibility of their child to Dustin Rebenitsch.  We affirm the district court’s judgment, concluding the district court did not clearly err in awarding primary residential responsibility to Dustin Rebenitsch.

I

[¶2] Janiece and Dustin Rebenitsch married in 2011 and had a child, H.J.R., in 2012.  In 2014, the district court issued an order divorcing the parties and awarding equal residential responsibility.  When the parties divorced, they both resided in the Bismarck area.  In February 2017, Dustin Rebenitsch moved to modify residential responsibility based on allegations of domestic violence in Janiece Rebenitsch’s home.  After an investigation, social services found no evidence of abuse in Janiece Rebenitsch’s home.  However, both Dustin and Janiece Rebenitsch also sought modification because H.J.R. would be starting school, and equal residential responsibility was no longer feasible due to Janiece Rebenitsch’s move to Dickinson. At the time of the hearing, Janiece Rebenitsch was living in Dickinson with her other daughter from a different relationship; her boyfriend, Jordan Kessel; and his two sons.  Dustin Rebenitsch lived in Bismarck with his wife, Jessica Rebenitsch, and her two sons.

[¶3] At the June 2017 hearing on residential responsibility modification, several witnesses testified about Janiece and Dustin Rebenitsch’s character and ability to parent H.J.R.  After the hearing, the district court found N.D.C.C. § 14-09-06.2 factors (a), (b), (c), (e), (f), (g), (h), and (k) favored neither party; factors (i) and (j) were inapplicable; and factor (d) favored Dustin Rebenitsch.  The district court determined the best interest factors weighed in favor of Dustin Rebenitsch and awarded him primary residential responsibility, subject to Janiece Rebenitsch’s reasonable parenting time.

II

[¶4] On appeal, Janiece Rebenitsch argues the district court’s findings regarding factors (b) and (k) are clearly erroneous.  Janiece Rebenitsch also argues it is clear, based on the entire record, that the district court made a mistake in awarding Dustin Rebenitsch primary residential responsibility.  This Court reviews a district court’s decision on primary residential responsibility as follows:

[The district] court’s award of primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous or it is not sufficiently specific to show the factual basis for the decision.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or, although there is some evidence to support it, on the entire record, we are left with a definite and firm conviction a mistake has been made.  Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court’s initial custody decision merely because we might have reached a different result.  The district court has substantial discretion in making a custody determination, but it must consider all of the best-

interest factors.  Although a separate finding is not required for each statutory factor, the court’s findings must contain sufficient specificity to show the factual basis for the custody decision.

Brouillet v. Brouillet
, 2016 ND 40, ¶ 7, 875 N.W.2d 485 (citations and quotation marks omitted).

[¶5] Section 14-09-06.2(1), N.D.C.C., provides the best interest factors a district court must consider in awarding residential responsibility:

a.  The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.

b.  The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.

c.  The child’s developmental needs and the ability of each parent to meet those needs, both in the present and in the future.

d.  The sufficiency and stability of each parent’s home environment, the impact of extended family, the length of time the child has lived in each parent’s home, and the desirability of maintaining continuity in the child’s home and community.

e.  The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.

f.  The moral fitness of the parents, as that fitness impacts the child.

g.  The mental and physical health of the parents, as that health impacts the child.

h. The home, school, and community records of the child and the potential effect of any change.

i.   If the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court may give substantial weight to the preference of the mature child.  The court also shall give due consideration to other factors that may have affected the child’s preference, including whether the child’s preference was based on undesirable or improper influences.

j.  Evidence of domestic violence. In determining parental rights and responsibilities, the court shall consider evidence of domestic violence. . . . 

k.  The interaction and inter-relationship, or the potential for interaction and inter-relationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child’s best interests.  The court shall consider that person’s history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l.  The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50-25.1-02.

m. Any other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute.

Janiece Rebenitsch argues the district court clearly erred in its findings on factors (b) and (k), and she requests this Court reverse the district court’s judgment awarding primary residential responsibility to Dustin Rebenitsch.

A

[¶6] On appeal, Janiece Rebenitsch argues the district court clearly erred in determining factor (b) favored neither party because Jessica Rebenitsch’s opioid addiction created an unsafe environment in Dustin Rebenitsch’s home.  Janiece Rebenitsch argues the district court should have found factor (b) favored her.

[¶7] Factor (b) requires the district court to consider, “[t]he ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.”  N.D.C.C. § 14-09-06.2(1).  In its findings related to factor (b), the district court concluded both parents could provide adequate food, shelter, and medical care.  The district court also relied on two therapists who met with H.J.R. after she alleged Janiece Rebenitsch’s boyfriend was abusive and concluded, “there are no concerns for a safe environment at Janiece’s home.”  However, the district court found H.J.R. was likely traumatized by her mother’s move to Dickinson, the new household, and the change in her life prior to the move.  The district court also recognized the issue of Jessica Rebenitsch’s opioid use disorder, alcohol use disorder, and unspecified depressive disorder.  The district court concluded any behavioral issues H.J.R. had were from anxiety due to changes in H.J.R.’s life.

[¶8] Janiece Rebenitsch argues the district court should not have considered the effect of her move on H.J.R. under factor (b).  However, Janiece Rebenitsch conceded the effect of her move on H.J.R. was relevant and could be considered under another factor.  As noted above, the district court must make sufficiently specific findings for the best interest factors, but the district court need not make separate findings for each factor.  
Brouillet
, 2016 ND 40, ¶ 7, 875 N.W.2d 485.  The district court correctly considered the environment in both homes, including the anxiety and behavioral changes caused by Janiece Rebenitsch’s move.  Even if the district court improperly included some information in its analysis of factor (b), it is not required to make separate findings under each factor and could properly consider the information relevant to H.J.R.’s best interests in determining primary residential responsibility.  We conclude the district court did not clearly err in considering H.J.R.’s reaction to the move.

[¶9] With the allegations back and forth about safety in the homes, the district court found Dustin and Janiece Rebenitsch were equal in factor (b).  The district court was concerned about the environment in both homes and made sufficiently specific findings under factor (b).  The district court heard evidence to support concerns about both homes and did not clearly err in determining factor (b) favored neither parent.

B

[¶10] Janiece Rebenitsch argues the district court clearly erred in finding factor (k) favored neither parent because the district court considered facts not included in this factor, made findings contrary to other findings, and misapplied the law.  Additionally, Janiece Rebenitsch contends factor (k) requires the district court to only consider whether it is possible a person may affect the child’s best interests in the future, not whether that person has affected the child in the past.  Janiece Rebenitsch argues the district court should not have considered the past three years H.J.R. and Jessica Rebenitsch have interacted to determine Jessica Rebenitsch’s opioid use issues would not significantly affect H.J.R.’s best interests.  Factor (k) requires the district court to consider:

The interaction and inter-relationship, or the potential for interaction and inter-relationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child’s best interests.  The court shall consider that person’s history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

N.D.C.C. § 14-09-06.2(1).

[¶11] This Court has noted a person’s past behavior may be an indicator of future behavior.  
See Interest of A.B.
, 2010 ND 249, ¶ 16, 792 N.W.2d 539; 
Kienzle v. Selensky
, 2007 ND 167, ¶ 17, 740 N.W.2d 393.  In relation to factor (k), the district court acknowledged Jessica Rebenitsch’s “drug addiction may affect the child’s best interests but no evidence was provided to the Court to indicate there was any impact on H.J.R.”  The district court could reasonably look to Jessica Rebenitsch’s past behavior to determine whether her opioid addiction would significantly affect H.J.R. in the future.  The district court did not clearly err in considering Jessica Rebenitsch’s past behavior under factor (k).

[¶12] Janiece Rebenitsch also argues the district court included facts not applicable under factor (k), including her past relationships.  Under factor (k), a district court should not review a parent’s past relationships.  
Doll v. Doll
, 2011 ND 24, ¶ 22, 794 N.W.2d 425.  This Court has concluded “[t]he plain language of factor (k) requires a trial court to consider the interaction and interrelationship of the children with a person who 
currently
 resides in or is present in the household, not to review a parent’s past relationships with individuals not currently present in that parent’s life.”  
Id.

[¶13] Although the district court mentioned Janiece Rebenitsch’s past relationships in considering factor (k), the district court discussed those past relationships in the context of Janiece Rebenitsch’s move to Dickinson and her current relationship with Jordan Kessel.  The district court stated, “Janiece has had two serious relationships with a new child with the first, and has picked up and moved for a new relationship with Jordan [Kessel] having a family to blend with Janiece’s daughters.”  In considering this information under factor (k), the district court discussed H.J.R.’s anxiety and behavioral changes caused by the move to Dickinson and changes in the household.  The district court also noted the allegations of abuse against Jordan Kessel and the investigation finding no signs of abuse in Janiece Rebenitsch’s home.  However, the district court was concerned regardless of whether the allegations  were true or whether H.J.R. made them up.  Under factor (k), the district court also considered Dustin Rebenitsch’s relationship with his current wife, Jessica Rebenitsch.  The district court noted Jessica and Dustin Rebenitsch’s two-year relationship and one year of marriage during which there was no evidence of a negative impact on H.J.R.  The district court properly considered the relationships within the households of each parent under factor (k).  The district court did not clearly err in noting Janiece Rebenitsch’s previous relationships in determining factor (k) favored neither parent.

[¶14] Janiece Rebenitsch also argues, based on the entire record, the district court clearly erred.  Based on the findings, the district court was concerned about Janiece Rebenitsch’s move to Dickinson with Jordan Kessel.  The concern was based on evidence showing the move caused H.J.R.’s anxiety and behavioral changes.  The district court was also concerned about Jessica Rebenitsch’s opioid addiction, but there was no evidence presented showing Jessica Rebenitsch’s issues significantly affected H.J.R.  The majority of the best interest factors favored neither party, making this a close call to determine primary residential responsibility.  We are not left with a definite and firm conviction a mistake has been made.  Based on the entire record, the district court made sufficient findings on H.J.R.’s best interests and did not clearly err or make a mistake in awarding Dustin Rebenitsch primary residential responsibility.

III

[¶15] We affirm the district court’s judgment, concluding the district court did not clearly err in awarding primary residential responsibility to Dustin Rebenitsch.

[¶16] Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.