# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 37

Matthew Hagen,                                            Plaintiff and Appellee

v.

Charlotte Horst,                                         Defendant and Appellant

No. 20180344

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Per Curiam.

Mary E. Depuydt, Wishek, ND, for plaintiff and appellee.

Charlotte E. Horst, self-represented, Mandan, ND, defendant and appellant.

**Per Curiam.**

[¶1]   Charlotte Horst appeals from a judgment establishing primary residential responsibility, child support and parenting time of two children.  Horst claims she was denied due process when the district court issued an emergency ex parte custody order and refused to appoint counsel.   She also claims imposing child support is unconstitutional, the district court erred in awarding Hagen primary residential responsibility, and the district court erred in ordering supervised parenting time until Horst completes parenting and anger management classes and establishes residential stability.   We summarily affirm the district court judgment.

[¶2]   Horst argues her constitutional rights were violated when the district court issued an interim custody order and child support obligation.  This court reviews a claimed violation of a constitutional right de novo. *Rowley v. Cleaver*, 1999 ND 158, ¶ 8, 598 N.W.2d 125.  "A party must do more than submit bare assertions to adequately raise constitutional issues." *Riemers v. O'Halloran*, 2004 ND 79, ¶ 6, 678 N.W.2d 547.

[¶3]   Due process may be satisfied by a later evidentiary hearing. *Jensen v. Deaver*, 2013 ND 47, ¶ 12, 828 N.W.2d 533.  The district court here did not violate Horst's due process rights when issuing the emergency ex parte order because Horst later received notice and opportunity to be heard at an evidentiary hearing. *Id.*  Horst cited neither fact nor law to support the assertion that child support laws are unconstitutional.  The district court did not violate Horst's constitutional rights.

[¶4]   The district court's denial of court-appointed counsel is reviewed for abuse of discretion. *State v. DuPaul*, 527 N.W.2d 238, 240 (N.D. 1995).  Right to court-appointed counsel in civil matters is limited to statutorily defined circumstances.

*Riddle v. Riddle*, 2018 ND 62, ¶ 16, 907 N.W.2d 769. The issues in this case do not trigger a right to court-appointed counsel. The court did not abuse its discretion by declining to appoint counsel to represent Horst.

[¶5] Child support determinations involve questions of law which are subject to the de novo standard of review and findings of fact which are subject to the clearly erroneous standard of review. *Minar v. Minar*, 2001 ND 74, ¶ 10, 625 N.W.2d 518. "As a matter of law, the district court must clearly set forth how it arrived at the amount of income and level of support." *Lauer v. Lauer*, 2000 ND 82, ¶ 3, 609 N.W.2d 450. The district court's findings of fact in making its child support determination are overturned on appeal only if they are clearly erroneous. *Richter v. Houser*, 1999 ND 147, ¶ 3, 598 N.W.2d 193. Here the district court explained how it arrived at Horst's child support obligation under North Dakota statute and the decision is supported by evidence. The district court did not err in its determination of child support.

[¶6] This Court reviews district court decisions on primary residential responsibility and parenting time under the clearly erroneous standard. *Rebenitsch v. Rebenitsch*, 2018 ND 48, ¶ 4, 907 N.W.2d 41. The district court has substantial decision-making authority in determining proper custody. *Brouillet v. Brouillet*, 2016 ND 40, ¶ 7, 875 N.W.2d 485. Here, the district court's findings on the best interest factors contained sufficient specificity to show the factual basis for its award of primary residential responsibility to Hagen and was not clearly erroneous. The district court decision to condition parenting time on completion of classes and residential stability is supported by evidence of Horst's parenting deficiencies and was not clearly erroneous.

[¶7] The district court's judgment is summarily affirmed under N.D.R.App.P. 35.1 (a)(2), (3) and (4).

[¶8]    Gerald W. VandeWalle, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen
        Jerod E. Tufte