**Filed 1/23/20 by Clerk of Supreme Court**

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 17

Blaine Dylan Konkel,                          Plaintiff and Appellant

      v.

Courtney Eileen Amb,                              Defendant

No. 20190152

Appeal from the District Court of Steele County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Blaine D. Konkel, Fort Collins, CO, plaintiff and appellant.

**McEvers, Justice.**

[¶1]   Blaine Konkel appeals from an amended judgment entered after the district court denied his request to modify his parenting time with the child he has with Courtney Amb and clarified the location of the parenting time exchanges.  Konkel argues the district court erred by finding a material change in circumstances does not exist and also by amending the parenting plan without finding a material change in circumstances.  We affirm.

I

[¶2]   Konkel and Amb have one minor child together, who was born in 2015.  Konkel lives in Colorado and Amb lives in North Dakota.  In 2016, a judgment was entered, ordering Amb have primary residential responsibility of the child.  Konkel was awarded parenting time with the child for up to 72 hours per month in North Dakota, up to four weeks per year in Colorado once the child turned two years old, and Thanksgivings in odd years and Christmases in even years.  The district court also ordered Konkel was responsible for all expenses related to parenting time.

[¶3]   In October 2018, Konkel moved for "visitation assistance," requesting the district court modify his parenting time.  He argued changes in the parties' employment and the child's age were material changes of circumstance, the current parenting plan was vague, the prior judgment failed to include a provision for the transportation and exchange of the child, and he exercised all of the Colorado parenting time ordered.  He requested the court order parenting time for additional holidays and that he have parenting time in Colorado in June, July, and August until the child is school age and then he have parenting time during the entire summer break.  He also requested the court provide more detailed terms for parenting time transportation and exchanges.

[¶4]   After a hearing, the district court denied Konkel's motion, finding he failed to show a material change in circumstances that would necessitate a

1

parenting time modification. However, the court ordered the transportation provision of the judgment be clarified to specify the exchange location.

## II

[¶5]   Konkel argues the district court erred by finding there was no material change in circumstances and denying his motion to modify parenting time. He claims the child's age and developmental needs and the changes in the parties' employment are material changes justifying a modification of parenting time.

[¶6]   A district court's decision on parenting time is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Curtiss v. Curtiss*, 2016 ND 197, ¶ 10, 886 N.W.2d 565. A finding of fact is clearly erroneous if there is no evidence to support it, it is induced by an erroneous view of the law, or we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶7]   After an initial award of primary residential responsibility has been made, parenting time is governed by N.D.C.C. § 14-05-22(2). *Curtiss*, 2016 ND 197, ¶ 11, 886 N.W.2d 565. Under N.D.C.C. § 14-05-22(2):

> [T]he court, upon request of the other parent, shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health.

A party moving to modify parenting time must show that a material change in circumstances has occurred since entry of the prior parenting time order and that the modification is in the child's best interests. *Curtiss*, 2016 ND 197, ¶ 12, 886 N.W.2d 565. Material changes in circumstance are important new facts that have occurred since entry of the prior order. *Id.* Whether a fact is a material change in circumstance is dependent upon the facts of the case, but we have previously recognized various factors that may constitute material changes in circumstance, including a significant change in a parent's work schedule, the marriage of a parent, attempts to alienate the child's affection for the other parent, and a parenting time schedule that causes conflict between the parents and behavior problems in the child. *See Green v. Swiers*,

2

2018 ND 258, ¶ 15, 920 N.W.2d 471 (holding district court did not err in modifying parenting time when there was evidence one parent attempted to alienate child's affection for other parent); *Siewert v. Siewert*, 2008 ND 221, ¶ 18, 758 N.W.2d 691 (holding district court did not err in finding parent's remarriage was a material change when parent's new spouse caused increased conflict); *Young v. Young*, 2008 ND 55, ¶ 14, 746 N.W.2d 153 (stating a change in a parent's work schedule may be a material change); *Reinecke v. Griffeth*, 533 N.W.2d 695, 698-99 (N.D. 1995) (holding a material change existed when the parenting time schedule caused conflict and behavior problems in the child).

[¶8]   The district court denied Konkel's motion.  The court found, "[Konkel] has failed to show a material change in circumstance which would necessitate a modification of the parties' parenting time schedule."  The court further orally explained at the end of the hearing that the child's age and development were not material changes because they were anticipated by the prior judgment and the judgment addressed those circumstances.  The court also found the changes in the parties' employment were not material changes.

[¶9]   Konkel argues the child's current age and developmental needs are material changes in circumstance justifying modification of parenting time. He contends the child was only one year old when the prior order was entered and she is now four years old.  He alleges there is no way the court could have foreseen that he would use all of his allowed parenting time in Colorado, the child has begun to develop bonds with him and his family, and it would cause irreparable harm not to allow him to have more parenting time in Colorado.

[¶10] The prior parenting time order took into consideration the child's age and set different visitation terms based on the age, stating:

> A.   Blaine shall have up to 72 hours per month of parenting time in North Dakota.  These may be overnight visits.
> B.   When [the child] turns two years old, Blaine will have parenting time with [the child] for up to four weeks per year in Colorado, to be exercised in periods not exceeding two

3

weeks. Blaine will provide Courtney a 30-day notice of the parenting time he intends to exercise in Colorado.

C. When [the child] is of school age, the parenting time set forth above must be exercised when [the child] is not in school.

D. Once [the child] is two years old, Blaine will have Thanksgiving with [the child] in odd years and Christmas with [the child] in even years. Courtney will have Thanksgiving with [the child] in even years, and Christmas with [the child] in odd years.

The district court considered how the parenting time schedule should change as the child aged. The child's increased age and development were anticipated by the court when the prior judgment was entered. Under the facts of this case, the evidence supports the court's finding that the child's current age and developmental needs are not a material change in circumstances.

[¶11] Konkel argues the changes in the parties' employment is a material change in circumstances. He contends he is now self-employed, he started his own fencing and construction business, and he is in the process of starting a property management business. He claims this change in his employment will allow for more flexibility during the day but less flexibility in traveling to North Dakota to pick up the child once he starts managing properties because he will be on call 24/7.

[¶12] The district court found the change in employment was not a material change in circumstances. A change in a parent's work schedule may be a material change in circumstances. *See Young v. Young*, 2008 ND 55, ¶ 14, 746 N.W.2d 153. However, Konkel's argument is based on the potential for problems in the future if he starts managing properties, but there was no evidence the change in employment currently had any impact on parenting time. Any argument about the possibility of future changes negatively impacting parenting time was speculative. The evidence supports the court's finding that a change in employment did not constitute a material change in circumstance.

[¶13] Evidence also established Konkel has not exercised all of the parenting time he is currently awarded, particularly the 72-hours of parenting time he is

4

entitled to each month in North Dakota. He contends the costs to travel back and forth from Colorado to North Dakota can be prohibitively expensive and time consuming, which makes exercising the monthly parenting time nearly impossible. Konkel admitted he currently does not receive a reduction in his child support for parenting time travel expenses. The child support guidelines allow a court to modify child support from the presumed correct amount under the guidelines for parenting time travel expenses. *See* N.D. Admin. Code § 75-02-04.1-09(2)(j). There is nothing precluding Konkel from moving to modify his child support obligation to allow for a reduction for travel expenses.

[¶14] The evidence supports the district court's findings. Konkel failed to demonstrate a material change in circumstances occurred that was sufficient to justify a modification of parenting time. We affirm the district court's decision.

III

[¶15] Konkel argues the district court erred by amending the parenting plan to specify the location of the parenting time exchanges after finding he failed to prove a material change in circumstances.

[¶16] The district court found the parties agreed that disputes arose around the location of the parenting time exchanges. The court amended the parenting time provision of the judgment to include the location of the parenting time exchanges, stating, "Unless otherwise agreed by the parties, all exchanges of [the child] shall take place in Jamestown, Devils Lake, Fargo or Grand Forks."

[¶17] Konkel admits the parties had disagreements about where to exchange the child, including occasions in which he was able to get cheaper flights to Bismarck or Watertown, South Dakota and Amb refused to meet him in those locations. Amb testified during the hearing that she would like the court to clarify the exchange provision of the judgment.

[¶18] The initial judgment did not specify where exchanges of the child would occur and only ordered Konkel would be responsible for all expenses related to

5

parenting time. A district court may clarify a judgment that is vague, uncertain, or ambiguous. *Orvedal v. Orvedal*, 2003 ND 145, ¶ 4, 669 N.W.2d 89. This Court has said, "When a divorce decree fails to specify some particulars and uncertainties in the decree arise from subsequent events, clarification of the decree is often appropriate." *Id.* The judgment did not specify where parenting time exchanges would occur and there was evidence the uncertainty created conflict between the parties. The court properly clarified the judgment to specify locations where parenting time exchanges would occur.

IV

[¶19] Konkel argues the district court's initial judgment does not comply with the minimum required provisions for a parenting plan under N.D.C.C. § 14-09-30(2). He contends the judgment does not include required provisions for parenting time related to days off from school, birthdays, weekends and weekdays, summers, and vacation planning.

[¶20] To the extent Konkel argues the terms of the initial judgment do not comply with N.D.C.C. § 14-09-30(2), those issues should have been raised in an appeal of the judgment. Konkel did not appeal the initial judgment. Therefore, Konkel is precluded from raising those issue in this appeal. *See Glass v. Glass*, 2018 ND 14, ¶¶ 5, 8, 906 N.W.2d 81 (stating this Court will not hear arguments in the second appeal that could have been presented in a prior appeal); *Tom Beuchler Const. v. City of Williston*, 413 N.W.2d 336, 338-39 (N.D. 1987) (stating a party may not present issues in a second appeal that would have been resolved in a prior appeal if they had been presented).

V

[¶21] Konkel argues N.D.C.C. §§ 14-05-22(2) and 14-09-06(2) are unconstitutionally vague. He claims they offer no guidance on how to allocate parenting time. He generally states these laws violate the separation of powers and due process.

6

[¶22] Konkel briefly argued to the district court that N.D.C.C. § 14-05-22(2) is unconstitutionally vague because "it doesn't really specify anything and that falls to case precedent." He also briefly argued the best interests of the child standard is unconstitutionally vague. Konkel did not raise this issue in a motion or brief to the district court and did not properly raise the argument during the hearing.

[¶23] "'A party must do more than submit bare assertions to adequately raise constitutional issues.'" *Hagen v. Horst*, 2019 ND 37, ¶2, 923 N.W.2d 106 (quoting *Riemers v. O'Halloran*, 2004 ND 79, ¶ 6, 678 N.W.2d 547). Issues not presented to the district court will not be considered for the first time on appeal. *Peters-Riemers v. Riemers*, 2001 ND 62, ¶ 23, 624 N.W.2d 83. Konkel's arguments about the constitutionality of N.D.C.C. §§ 14-05-22(2) and 14-09-06(2) were raised for the first time on appeal and will not be considered.

[¶24] Moreover, the United States Supreme Court has indicated the best interests of the child is an appropriate standard to use in determining custody issues between parents and does not violate due process. *See Reno v. Flores*, 507 U.S. 292, 303-04 (1993) (stating, "'The best interests of the child,' a venerable phrase familiar from divorce proceedings, is a proper and feasible criterion for making the decision as to which of two parents will be accorded custody."); *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 20 (1991) (indicating the discretion allowed in deciding "the best interests of the child" satisfies due process as long as it is exercised within reasonable constraints).

VI

[¶25] We have considered the remaining issues and arguments raised and have determined they are either meritless or are unnecessary to the outcome of the case. We affirm the amended judgment.

[¶26] Lisa Fair McEvers
        Gerald W. VandeWalle
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen, C.J.

7