IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 193

Sheila K. Boyda (n/k/a, Sheila K. Tindall),       Plaintiff and Appellee

    v.

Joseph A. Boyda,                                  Defendant and Appellant

    and

State of North Dakota,              Statutory Real Party in Interest

No. 20250054

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Alexa M. Lecomte, Fargo, ND, for plaintiff and appellee.

Joseph A. Boyda, Fargo, ND, defendant and appellant.

**Crothers, Justice.**

[¶1]   Joseph Boyda appeals from a district court order, claiming the court erred by admitting his children's affidavits, modifying his parenting time, and improperly delegating authority to a therapist to regulate the stepped parenting plan. Joseph Boyda also claims the court erred by requiring an examination under N.D.R.Civ.P. 35, requiring him to pay the costs for the examination and supervised parenting sessions, and not holding Sheila Boyda in contempt. Sheila Boyda moves to strike portions of Joseph Boyda's brief due to his inclusion of facts outside the record. We affirm in part, reverse in part, and remand for proceedings consistent with this decision.

I

[¶2]   Joseph and Sheila Boyda married in 2005. They have two minor children and one adult child. In May 2016, the parties divorced and a parenting plan was created. In May 2024, Joseph Boyda filed a motion for contempt, alleging Sheila Boyda prevented a continuing relationship and communication with the children, and violated the parenting plan. Sheila Boyda responded, moved for a modification of parenting time, and requested a mental examination of Joseph Boyda under N.D.R.Civ.P. 35 "[t]o understand Joseph's anger and control issues . . . [and] risk to the parties' children." Sheila Boyda offered her and the three children's affidavits as evidence in support of her motion. The children's affidavits claimed Joseph Boyda yelled at them, made fun of them, and mocked Sheila Boyda. Joseph Boyda moved to strike the children's affidavits as inadmissible hearsay. The district court denied the motion to strike and admitted the affidavits into evidence. Later that day, the court took testimony from the children.

[¶3]   On December 26, 2024, the district court entered its findings of fact, denying Joseph Boyda's motion for contempt, reducing his parenting time, and ordering a Rule 35 mental examination of Joseph Boyda. The court required

1

Joseph Boyda to pay the costs of the examination and supervised parenting sessions. Joseph Boyda filed a timely appeal.

## II

[¶4]   Joseph Boyda claims the district court abused its discretion when it admitted the children's affidavits over his objection. Joseph Boyda argues these affidavits constituted inadmissible hearsay.

[¶5]   "The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion." *State v. Ziegler*, 2025 ND 78, ¶ 9, 20 N.W.3d 131. "The court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Holm v. Holm*, 2025 ND 100, ¶ 7, 21 N.W.3d 96 (cleaned up).

[¶6]   Hearsay is a "statement that the declarant does not make while testifying at the current trial or hearing" and is "offer[ed] in evidence to prove the truth of the matter asserted in the statement." N.D.R.Ev. 801(c). Affidavits are inadmissible hearsay unless subject to an exception. *See Davis v. Romanyshyn*, 2025 ND 18, ¶ 9, 16 N.W.3d 464 ("Davis's petition and Romanyshyn's affidavit, unless subject to an exception, are inadmissible hearsay statements under N.D.R.Ev. 801(c). *Cusey [v. Nagel]*, 2005 ND 84, ¶ 15, 695 N.W.2d 697."). The children's affidavits are hearsay because they were statements made at out of court and offered to prove the events described in the affidavits.

[¶7]   Sheila Boyda claims the children's affidavits were admissible under the residual exception in N.D.R.Ev. 807. Sheila Boyda did not argue for the application of this rule at the district court, and the court did not rely on this exception when it admitted the affidavits. "[A] touchstone for an effective appeal of an issue requires the issue to be properly raised in the district court so that court can intelligently rule on the issue." *Brouillet v. Brouillet*, 2016 ND 40, ¶ 32, 875 N.W.2d 485. "[A] party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and if the ruling admits evidence, a party, on the record: (A) timely objects or moves to strike; and (B) states the specific ground, unless it was apparent from the context." *Id*. The

2

issue is waived on appeal because Sheila Boyda did not raise the issue and the district court did not rule on the residual exception.

[¶8] The district court admitting the children's affidavits was a misapplication of the law and an abuse of discretion, however, the error was harmless.

> Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

N.D.R.Civ.P. 61. We apply the harmless error test to the admission of inadmissible hearsay. *See Rentz v. BNSF Ry.*, 2020 ND 254, ¶ 19, 952 N.W.2d 47 ("We agreed the court erroneously admitted the evidence, and proceeded to examine whether the error was harmless." (citing *Johnson v. Bushkol Constr.*, 2015 ND 268, ¶¶ 27-28, 871 N.W.2d 459)).

[¶9] The children provided live testimony to the district court. The court noted the children's live testimony was similar to the information in their affidavits. The children claimed, in live testimony, that Joseph Boyda was threatening, yelled at them, and mocked them and Sheila Boyda. The court noted that some of the children's statements in the affidavits may not be "totally accurate," but generally show the relationship between the children and Joseph Boyda. Because the children's affidavits provided cumulative evidence to their live testimony the admission of the children's affidavits was not prejudicial. *State v. Henderson*, 2024 ND 42, ¶ 25, 4 N.W.3d 223. The court received sufficient evidence through the children's live testimony so that the error in admitting the children's affidavits was harmless.

### III

[¶10] Joseph Boyda claims insufficient evidence supports the district court's finding of a material change of circumstances needed to modify parenting time.

3

[¶11] A party moving to modify parenting time must establish that a material change of circumstances occurred since the previous parenting order and that modification is in the best interests of the child. N.D.C.C. § 14-05-22; *Williams v. Williams*, 2021 ND 134, ¶ 3, 962 N.W.2d 601. A material change in circumstances requires "important new facts that were unknown at the time of the . . . initial parenting time order." *Williams*, ¶ 3. "[W]e have previously recognized various factors that may constitute material changes in circumstance, including . . . a parenting time schedule that causes conflict between the parents and behavior problems in the child." *Konkel v. Amb*, 2020 ND 17, ¶ 7, 937 N.W.2d 540. A court's modification of parenting time is reviewed under the clearly erroneous standard. *Fleck v. Fleck*, 2023 ND 129, ¶ 13, 993 N.W.2d 534. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if on the entire evidence we are left with a definite and firm conviction a mistake has been made." *Id.*

[¶12] Here, the district court relied on testimony from the children that Joseph Boyda often belittled them and Sheila Boyda. The children stated Joseph Boyda was often angry, would throw items, and that they felt unsafe. The court relied on evidence of a yard sign, created and placed by Joseph Boyda in Sheila Boyda's yard, that read "Parental Alienation Happens Here." The court noted the children's reluctance to communicate with their father and found their relationship "unhealthy, strained, and broken." The court found the previous parenting plan was not in the children's best interests because of the need to repair the relationship between them and Joseph Boyda. The court determined requiring the children to have parenting time with their father would make the situation worse for the children.

[¶13] An existing plan that causes conflict with a parent and the children can be a material change of circumstances sufficient to support a modification. *Konkel*, 2020 ND 17, ¶ 7. The district court found that Sheila Boyda established a material change of circumstances and modifications to the parenting plan were in the best interests of the children. The court's findings were supported by the children's testimony and other evidence. The district court did not clearly err by finding a material change of circumstances existed and the modification was in the best interests of the children.

4

IV

[¶14] Joseph Boyda claims the district court abused its discretion by requiring that he undergo a mental examination and requiring him to pay the costs for the examination and supervised parenting sessions.

[¶15] "A trial court has wide discretion in deciding whether to grant or deny discovery requests, including those for a physical or mental examination under Rule 35." *Guskjolen v. Guskjolen*, 391 N.W.2d 639, 641 (N.D. 1986). An order for examination is reviewed under an abuse of discretion standard. *Id.* Rule 35, N.D.R.Civ.P., is silent on who must pay for the mental examination. *See Lucke v. Lucke*, 300 N.W.2d 231, 235 (N.D. 1980) ("There may very well be cases in which the circumstances warrant assessing the costs against the moving party. This is not one that does."). Similarly, an order directing who pays for supervised parenting sessions is reviewed under an abuse of discretion standard. *Martinson v. Martinson*, 2010 ND 110, ¶ 32, 783 N.W.2d 633.

[¶16] Here, the district court ordered Joseph Boyda to pay for the examination and supervised parenting sessions. The court's rationale in requiring the mental examination and supervised parenting sessions was to strengthen the relationship between Joseph Boyda and his children. The order stated Joseph Boyda was willing to undergo an examination in accordance with his children's wishes. The order referenced Joseph Boyda's understanding that some counseling or therapy may be necessary. Based on findings and reasoning that have support in the record, the court did not act arbitrarily or unreasonably when it placed the costs of the examination and parenting sessions on Joseph Boyda. The district court did not abuse its discretion requiring Joseph Boyda to pay for the examination or the parenting sessions.

V

[¶17] Joseph Boyda claims the district court improperly delegated its authority when it conditioned increased parenting time on the completion of therapy and gave the therapist the unilateral ability to determine if parenting time should be increased.

5

[¶18] Section 14-09-30, N.D.C.C., states: "[i]f the parents are unable to agree on a parenting plan, the court shall issue a parenting plan considering the best interests of the child." The district court cannot "delegate to anyone the power to decide questions of child custody." *Paulson v. Paulson*, 2005 ND 72, ¶ 21, 694 N.W.2d 681. In *Paulson*, the district court improperly delegated its authority by ordering:

> Paulson shall have supervised visitation with her son through a licensed social worker approved by Dr. Cavett and all other parties. Dr. Cavett shall continue to make recommendations for visitations to the Custodian based upon [the child's] therapeutic progression.

*Id.* ¶ 18. In *Paulson*, the improper delegation conclusion was based on the wide authority given to the doctor—"carte blanche"—and the lack of findings that the restrictions were required to protect the child's physical or emotional health. *Id.* ¶ 21. In *Marquette v. Marquette*, 2006 ND 154, ¶ 9, 719 N.W.2d 321, we concluded that allowing one of the parents to determine the manner and timing of visitation was an improper delegation.

[¶19] By comparison, we have affirmed an order where third parties were involved in determining when or how much parenting time was appropriate. In *Wolt v. Wolt*, 2010 ND 26, ¶ 39, 778 N.W.2d 786, the district court ordered a parent to have limited and supervised visitation "until satisfactory progress can be shown in family and individual therapy with the children." The order allowed "counselors [to] make a recommendation to the Court for more and less restrictive visitation, [and] the Court will consider a new and increased visitation schedule." *Id.* ¶ 40. We held the order was not an improper delegation and did not place "an additional limitation on [the parent's] access to the court in seeking a change in the visitation schedule." *Id.*

[¶20] Here, the district court's order requires the therapist to approve Joseph Boyda's progress before graduating between steps, and allows the therapist to make recommendations to Joseph Boyda but not the court. The order states:

> [¶34] Before Joseph can move to the second step, he must do the following: exercise all the parenting time (minimum of 3 hours per week) during the entire 120-day period. Exceptions to this rule

6

include events that are beyond Joseph's control (i.e., child is sick, supervisor cancels, Joseph is sick, the child's activity is during scheduled parenting time). Joseph's parenting time shall be made up, when possible, under these circumstances. Sheila shall reasonably accommodate Joseph's need to reschedule. In that event, Joseph's parenting time at Rainbow Bridge shall be extended one week beyond the initial 120-day period for every 3 hours of parenting time he misses. If Joseph is more than 15 minutes late for his parenting time, it shall be considered missed. *Joseph must follow all therapist or counselor recommendations.*

[¶35] *Upon successful completion of the recommendations and with the approval of the children's therapists, Joseph shall begin Step 2.*

[¶36] Step 2. After completion of Step 1, Joseph shall have parenting time for two hours on one weekday every week, and the exact day and time shall be agreed upon by the parties, taking into account the children's extra-curricular activities and the parties' work schedules. If the parties do not agree upon a consistent weekday, Joseph's parenting time shall be on Tuesday. He shall also have parenting time every other Saturday from 9:00 a.m. until 7:00 p.m., and Sunday from 9:00 a.m. until 7:00 p.m. *Unless required by the therapist* for parenting time to be public or with family, this non-overnight parenting time need not be exercised in a public setting or with family.

[¶37] *Joseph must continue to follow all therapist or counselor recommendations,* which includes the direction for his parenting time to be in a public setting or with family if the therapist/counselor believes that such restrictions would be beneficial to reunification. *The therapists will determine when Step 2 is complete.* Upon successful completion of the recommendations and *with the approval of the family therapist,* Joseph shall begin Step 3.

(Emphasis added.)

[¶21] Read as a whole, the order delegates to the therapist extensive decision-making authority of the court. Under paragraph 34 of the district court's findings Joseph Boyda "must follow all therapist or counselor recommendations." The court does not provide any guidance for, or limitations on, the scope of those

7

recommendations. Under paragraph 35 Joseph Boyda cannot begin Step 2 without successfully completing all of the therapist's recommendations and until the therapist approves him moving from Step 1 to Step 2. Under paragraph 36 the therapist can unilaterally decide Joseph Boyda's parenting time under Step 2 be exercised in public or with family. Under paragraph 37 Joseph Boyda must abide by all therapist and counselor recommendations, and he cannot move to Step 3 unless and until the therapist determines all of the unspecified requirements for Step 2 are completed.

[¶22] The order in this case is more like those we rejected in *Paulson* and *Marquette*, and less like the order we affirmed in *Wolt*. In *Wolt*, we upheld an order that allowed the therapist to determine if therapy was successful, and to recommend to the court if more visitation time should be given. 2010 ND 26, ¶¶ 39-40. Disparately here, the district court's order fully delegates to the therapist what recommendations can be imposed on Joseph Boyda, and unilaterally permits the therapist to prevent Joseph Boyda from moving to the next step if the therapist's recommendations are not followed.

[¶23] The order delegates to the therapist singular authority to determine whether Joseph Boyda moves from one step to the next. For each delegation, the district court did not provide the therapist with criteria for completion of each step. Rather, the therapist was permitted to determine what criteria applied during each step, and to then decide whether and when the criteria for each step was completed. In this regard, the delegation here was like the one we disapproved in *Paulson* where the provider was permitted "to set the visitation schedule, carte blanche." *Paulson*, 2005 ND 72, ¶ 21. Therefore, the district court improperly delegated its authority and we reverse and remand for re-creation of a court-supervised plan for Joseph Boyda's stepped parenting time.

VI

[¶24] Joseph Boyda claims the district court abused its discretion by denying his motion to hold Sheila Boyda in contempt of court for violating the judgment. Joseph Boyda argues Sheila Boyda violated the judgment by preventing

8

communication, interfering with his continuing relationship with the children, and violating the parenting plan.

[¶25] "This Court's review of a district court's determination on contempt is very limited. The district court has broad discretion in making contempt decisions. We will only disturb a district court's contempt determination if the court abused its discretion." *Matter of Emelia Hirsch*, 2025 ND 79, ¶ 5, 20 N.W.3d 154 (internal citations omitted). The district court "abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Holm*, 2025 ND 100, ¶ 7.

[¶26] The district court found that Joseph and Sheila Boyda either agreed to modifications to the judgment, or Joseph Boyda acquiesced to the modifications. The court found Sheila Boyda encouraged the children to be involved in Joseph Boyda's parenting time but the children refused. These findings are supported in the record and do not demonstrate the court acted in an arbitrary or unreasonable manner. The district court therefore did not abuse its discretion by not holding Sheila Boyda in contempt.

VII

[¶27] Sheila Boyda moved to strike portions of Joseph Boyda's brief due to his inclusion of facts outside of the record in violation of N.D.R.App.P. 10. The record on appeal is made up of "documents and exhibits in the district court, transcripts, and a certification by the clerk stating what constitutes the record filed with the district court." *Discover Bank v. Bolinske*, 2020 ND 228, ¶ 5, 950 N.W.2d 417 (summarizing N.D.R.App.P. 10). North Dakota Rules of Appellate Procedure 28 and 30 require that briefs contain references to the record. "It is well established that this Court may not consider items outside the record." *Bolinske*, ¶ 6; *Energy Transfer LP v. N.D. Priv. Investigative & Sec. Bd.*, 2022 ND 84, ¶ 29, 973 N.W.2d 404; *see also Schmidt v. Schmidt*, 2003 ND 55, ¶¶ 19, 23, 660 N.W.2d 196; *Hurt v. Freeland*, 1997 ND 194, ¶¶ 10-15, 569 N.W.2d 266 (striking references and imposing costs).

[¶28] Joseph Boyda's brief includes many statements of facts without citation to the record. He also refers to facts outside the record, including: costs he incurred

because of the district court's order, the parents' financial positions, and a child's educational status. Sheila Boyda moved to strike 20 specific paragraphs of Joseph Boyda's brief, and moved to strike paragraphs 59-73 because he introduces facts that are not part of the record or the transcript, and five other paragraphs because he "reference[s] facts that occurred after the September 20, 2024, hearing." However, her motion to strike is over inclusive because it includes paragraphs containing facts with proper citation to the record. Therefore, we deny Sheila Boyda's broad-based motion to strike the listed paragraphs, but grant to the extent facts outside the record have been included. As a result, we limit our consideration on appeal to the facts contained in the district court record and, as a sanction, we impose double costs against Joseph Boyda.

## VIII

[¶29] The judge presiding over the original proceedings has retired, is a surrogate judge, and may or may not be assigned to this case on remand. If a new judge is assigned he or she must "make a Rule 63, N.D.R.Civ.P., certification prior to conducting further proceedings or, alternatively, order a new trial." *In re Estate of Bartelson*, 2015 ND 147, ¶ 20, 864 N.W.2d 441 (quoting *Smestad v. Harris*, 2011 ND 91, ¶ 15, 796 N.W.2d 662). Rule 63, N.D.R.Civ.P., provides:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

## IX

[¶30] We conclude the district court abused its discretion in admitting the children's affidavits, but this error was harmless due to the children's live testimony. We affirm the district court order modifying Joseph Boyda's parenting time, requiring an examination under N.D.R.Civ.P. 35, requiring him to pay the costs for the examination and supervised parenting sessions, and not

holding Sheila Boyda in contempt. We reverse that part of the court's order delegating to a therapist decision-making over Joseph Boyda's stepped parenting time. We grant in part Sheila Boyda's motion to strike Joseph Boyda's appellate briefs and award her double costs. On remand, if this case is assigned to a new judge, that judge must comply with N.D.R.Civ. P. 63.

[¶31] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr